**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRIPLE A INTERNATIONAL, INC.,

       Plaintiff,                               Case No. 10-15137

vs.                                          Hon. Gerald E. Rosen

THE DEMOCRATIC REPUBLIC OF
THE CONGO,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____April 18, 2012_____

PRESENT:  Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

By opinion and order dated February 10, 2012, the Court granted Defendant's

motion to dismiss this action on the ground of sovereign immunity, finding that the

allegations of Plaintiff's complaint, as supplemented by the exhibits to the complaint and

the affidavit of Plaintiff's president, Ali Sulaiman, failed to bring this case within the

"commercial activity" exception to sovereign immunity set forth in the Foreign Sovereign

Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*  Through the present motion filed on

February 23, 2012, Plaintiff seeks reconsideration of this ruling.  For the reasons stated

below, the Court finds no basis for revisiting the rulings in its February 10 opinion.

Under Local Rule 7.1(h)(3) of this District, this Court ordinarily "will not grant

motions for rehearing or reconsideration that merely present the same issues ruled upon

by the court, either expressly or by reasonable implication."  "[A] motion for

reconsideration is not properly used as a vehicle to rehash old arguments or to advance

positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant*

*Public Schools,* 298 F. Supp.2d 636, 637 (E.D. Mich. 2003).  These principles are largely

dispositive of Plaintiff's present motion.  First, to the extent that Plaintiff argues that the

parties' transaction in this case is comparable to some of the examples cited in the FSIA's

legislative history as illustrative of commercial activity having the requisite "substantial

contact" with the United States, (*see* Plaintiff's Motion for Reconsideration, Br. in

Support at 5-7), the Court addressed this same argument at length in its February 10

opinion, (*see* 2/10/2012 Op. at 11-22).  Plaintiff's mere disagreement with this analysis

does not provide a basis for the Court to revisit its February 10 ruling.

Next, Plaintiff appeals to "additional facts" that would purportedly "reveal a

palpable error" in the Court's ruling.  (Plaintiff's Motion for Reconsideration, Br. in

Support at 1.)  In particular, Plaintiff has produced a supplemental affidavit in which Mr.

Sulaiman seeks to shed additional light on his claim, as advanced in his initial affidavit,

that Defendant purposefully retained his U.S.-based company because it was capable of

brokering Defendant's desired procurement of light military equipment.  Revisiting this

point in his supplemental affidavit, Mr. Sulaiman states that Defendant's retention of

Plaintiff arose from Defendant's recognition (i) that it required outside assistance to

acquire the equipment it was seeking, and (ii) that, based on the parties' relationship

2

formed through prior transactions, Plaintiff was known to be "an established United-States based company" that could broker the desired transaction "both expeditiously and legitimately." (Sulaiman Suppl. Decl. at ¶ 4.)

These purportedly "additional" facts, however, do not differ in any material respect from the facts and allegations that the Court accepted as true for purposes of its February 10 opinion. In that ruling, the Court expressly addressed Mr. Sulaiman's assertion in his initial affidavit that Defendant had "'purposefully retained' his company 'because it was a United States company with the appropriate expertise to broker an international transaction legitimately and expeditiously.'" (2/10/2012 Op. at 14 n.9 (quoting Sulaiman 5/12/2011 Decl. at ¶ 6).) In light of this affidavit and other materials in the record, the Court recognized both that "Plaintiff carried out some of its contractual obligations . . . from its office in Michigan," and that Defendant presumably was aware of this prospect that Plaintiff "was likely to carry out at least some of its contractual duties in the United States." (2/12/2012 Op. at 13, 15 n.9.) Nonetheless, the Court found that these facts and allegations failed to establish that Defendant affirmatively "sought this U.S.-based performance, or placed any importance on the likelihood that Plaintiff might undertake some of its contractual duties from its Michigan office." (*Id.* at 14.) Mr. Sulaiman's supplemental affidavit does nothing to alter this analysis, as it merely provides additional support for propositions that the Court accepted as true in its February 10 opinion — namely, that Plaintiff fulfilled certain of its contractual obligations from its office in Michigan, and that it was arguably foreseeable to Defendant that Plaintiff would

do so.  Thus, while Mr. Sulaiman's supplemental affidavit identifies more specific reasons why Defendant purportedly chose to retain his U.S.-based company, these additional details do not supply what was lacking from the record upon which the Court made its February 10 ruling — namely, evidence of Defendant's "deliberate engagement in commercial activity having 'substantial contact' with the United States."  (2/10/2012 Op. at 14.)

Finally, Plaintiff requests that the Court consider holding an evidentiary hearing in order to "resolve any factual disputes" regarding the applicability of the FSIA's "commercial activity" exception to sovereign immunity.  (Plaintiff's Motion for Reconsideration, Br. in Support at 7.)  Yet, Plaintiff fails to suggest what these "factual disputes" might be.  As explained in the February 10 opinion, the Court has accepted as true the factual allegations set forth in Plaintiff's complaint and the statements made in Mr. Sulaiman's affidavit, and Plaintiff has now been given an opportunity to present additional facts through Mr. Sulaiman's supplemental affidavit.  Against this backdrop, Plaintiff has failed to raise any reasonable prospect that an evidentiary hearing would provide the support that has been lacking to date in Plaintiff's effort to overcome the sovereign immunity conferred upon Defendant under the FSIA.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 23,

2012 motion for reconsideration (docket #27) is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 18, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

5